**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROSE L. GINDER,

    Plaintiff,

v.                                        Case No:   6:14-cv-1271-Orl-40DAB

BANK OF AMERICA CORP.,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's, Bank of America Corporation ("BOA"), Motion to Dismiss (Doc. 6), filed on August 8, 2014, and Plaintiff's, Rose L. Ginder ("Plaintiff"), Opposition to Defendant's Motion to Dismiss (Doc. 11), filed on September 10, 2014. Upon consideration, the Court grants in part and denies in part BOA's motion to dismiss.

**I.  BACKGROUND**

    **A.  Facts[1]**

Plaintiff is an 81-year-old woman who has deposited her life savings into various accounts with BOA over the past fifteen years. (Doc. 2, ¶¶ 5, 7). On April 30, 2013, the combined balance of Plaintiff's BOA accounts totaled $174,133.30. (*Id.* ¶ 11). However, after a series of suspicious withdrawals and account transfers from May through December

---

1. This account of the facts is taken from Plaintiff's Amended Complaint (Doc. 2), the allegations of which the Court must accept as true in considering Defendant's motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2013, Plaintiff's account balance diminished considerably. (*Id.* ¶¶ 58, 65). Between May and December 2013, Plaintiff had been contacted by Michael Knight ("Knight"), who identified himself as a personal manager with BOA. (*Id.* ¶ 54). Knight instructed Plaintiff to make a series of transactions from her accounts, which included writing personal checks, cashing out accounts, and transferring funds. (*Id.* ¶ 55). As a result, Plaintiff performed several transactions which led to large sums of money being transferred to individuals who were unknown to her. (*Id.* ¶ 60).

Plaintiff alleges that BOA opened multiple internal Suspicious Activity Reports related to Plaintiff's accounts, but failed to notify her and failed to stop the suspicious activities. (*Id.* ¶ 61). Plaintiff further alleges that BOA employees systematically and repeatedly facilitated the transfer of large sums of money from Plaintiff's accounts to unknown individuals, although Plaintiff's daughter warned BOA employees to be on alert for fraudulent activity. (*Id.* ¶¶ 58–59). Plaintiff argues that BOA had a duty to act and to prevent her from becoming a victim of elder exploitation, and that BOA breached this duty. (*Id.* ¶¶ 62–66). Consequently, Plaintiff suffered permanent loss of a large amount of money. (*Id.* ¶¶ 65–66).

### B. Procedural History

Plaintiff initiated this lawsuit on July 3, 2014 by filing a complaint in the Ninth Judicial Circuit in and for Orange County, Florida. On July 14, 2014, Plaintiff filed the Amended Complaint, which remains the operative complaint in this action. (Doc. 2). On July 16, 2014, Plaintiff perfected service of process on BOA. (Doc. 3). BOA timely removed the action to this Court on August 6, 2014. (Doc. 1).

Plaintiff's Amended Complaint asserts three claims for relief. Count 1 alleges a

claim for common law negligence. (Doc. 2, ¶¶ 62–66). Count 2 alleges a claim for statutory negligence under Chapter 825, Florida Statutes. (*Id.* ¶¶ 67–76). Count 3 alleges statutory negligence under Chapter 415, Florida Statutes. (*Id.* ¶¶ 77–82).[2] On August 8, 2014, BOA moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). On September 10, 2014, Plaintiff filed her response in opposition. (Doc. 11). Accordingly, BOA's motion to dismiss is ripe for consideration.

## II.  STANDARD OF REVIEW

In order to survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). District courts must accept all well-pleaded allegations within the complaint as true. *Id.* at 555. An allegation is well-pleaded when the plaintiff alleges sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III. DISCUSSION

---

2. This Court has subject matter jurisdiction over Plaintiff's claims, as complete diversity exists among the parties and the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(a).

### A. Count 1: Common Law Negligence

To state a claim for negligence, a plaintiff must allege: (1) the defendant owed a duty of reasonable care to the plaintiff, (2) the defendant breached that duty, and (3) the plaintiff suffered damages as a result. *See Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir. 1992); *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. Dist. Ct. App. 1985). The determination of whether a duty exists is a question of law to be determined by the court. *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007); *Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783 (Fla. Dist. Ct. App. 2003) ("The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie."). Plaintiff alleges that BOA had a duty to protect her from fraud and exploitation and that BOA breached that duty, causing Plaintiff to be permanently deprived of her funds. (Doc. 2, ¶¶ 63–66). However, BOA asserts that it owed no duty to Plaintiff. (Doc. 6, pp. 10–12).

Generally, "there is no common law duty to prevent the misconduct of third persons." *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985) (citing Restatement (Second) of Torts § 315 (1965)); *Gross v. Family Servs. Agency*, 716 So. 2d 337, 338 (Fla. Dist. Ct. App. 1998). However, "[a] legal duty may arise from legislation, case law, or the general facts of the case." *Janis v. Pratt & Whitney Can., Inc.*, 370 F. Supp. 2d 1226, 1229 (M.D. Fla. 2005). Of specific importance to this case, "Florida courts permit proof of a statutory violation to serve as prima facie evidence of negligence because 'the standard of conduct or care embraced within such [a] legislative . . . measure [] represent[s] a standard of at least reasonable care which should be adhered to in the performance of any given activity.'" *Kohl v. Kohl*, 149 So. 3d 127, 132 (Fla. Dist. Ct. App.

2014) (quoting *Dusine v. Golden Shores Convalescent Ctr., Inc.*, 249 So. 2d 40, 41–42 (Fla. Dist. Ct. App. 1971)). Although proof of a statutory violation will not "overhaul the negligence cause of action" by converting it into a case sounding in negligence per se, Florida courts do allow the showing of a statutory violation to establish the existence of a duty and a breach thereof. *Id.*

To that end, Plaintiff attempts to establish a duty by showing that BOA violated Florida's Adult Protective Services Act (the "Act"), Fla. Stat. §§ 415.101–.113. (Doc. 11, pp. 5–7). In relevant part, the Act requires any bank "who knows, or has reasonable cause to suspect, that a vulnerable adult has been or is being . . . exploited" to report such exploitation to the Florida Department of Children and Families. Fla. Stat. § 415.1034(1)(a)(8). The Act defines "vulnerable adult" to include any person over eighteen years of age who is unable to perform everyday activities due to "the infirmities of aging." *Id.* § 415.102(27). The Florida Legislature has illuminated that a primary purpose of the Act's mandatory reporting requirement is to "cause the protective services of the state to be brought to bear in an effort to prevent further . . . exploitation of vulnerable adults." *Id.* § 415.101(2).

BOA does not dispute that Plaintiff is a vulnerable adult within the meaning of the Act or that BOA failed to report that it suspected Plaintiff was being exploited. Instead, BOA argues that the Act does not provide a private right of action for its failure to report. (Doc. 6, pp. 11–12). As explained further in Section III.B, *infra*, it is true that the Act provides no private right of action for Plaintiff to sue BOA. *Mora v. S. Broward Hosp. Dist.*, 710 So. 2d 633, 634 (Fla. Dist. Ct. App. 1998). However, Count 1 does not sue BOA for violating the Act, but rather sues BOA under a theory of common law negligence.

Because Florida courts allow the inference of the breach of a legal duty from the violation of a statute, *Kohl*, 149 So. 3d at 132, the Court may look to the Act in answering whether BOA had a legal duty to Plaintiff.

Plaintiff alleges in the Complaint that, over a period of approximately eight months, she was the victim of elder exploitation by a person who represented himself to be a personal manager at BOA. (Doc. 2, ¶ 54). Plaintiff specifically describes at least twenty instances of fraudulent activity involving at least four of Plaintiff's bank accounts. (*Id.* ¶¶ 10–53). Plaintiff claims that BOA failed to investigate or inquire about these questionable banking activities, even after being advised by Plaintiff's daughter that Plaintiff was being exploited. (*Id.* ¶¶ 59–60). Moreover, when BOA finally did begin to investigate, Plaintiff alleges that BOA took no action to either notify her or to stop the fraudulent activity. (*Id.* ¶ 61). Accepting these facts as true, the Court is able to reasonably infer that BOA knew of Plaintiff's exploitation, but failed to report the exploitation to the Florida Department of Children and Families, in violation of the Act. Consequently, the Court is also able to reasonably infer that the Act confers a duty on BOA to act to protect victims of elder exploitation and that BOA breached that duty in this case.

Even if the Court were not to look to the Act in answering the question of duty, the Court finds that the general facts of this case warrant the reasonable inference that BOA breached a duty of care to Plaintiff. *See Janis*, 370 F. Supp. 2d at 1229. A duty may arise wherever an actor recognizes that his conduct involves a risk of harm to another. Restatement (Second) of Torts § 289 (1965). The ability of the actor to recognize that his conduct creates a risk of harm is judged according to a reasonableness standard or, if the actor exhibits "superior attention, perception, memory, knowledge, intelligence, and

judgment," then his ability is judged according to those superior abilities.  *Id.* § 289(a)–(b).

BOA undertook the task of discovering the fraudulent activity perpetrated against Plaintiff, but failed to notify Plaintiff or to take any other action to protect against the fraudulent activity despite BOA's knowledge.  Further, it is reasonable to infer that BOA, acting as Plaintiff's financial institution, had superior attention, perception, knowledge, intelligence, and judgment in recognizing the risk of not notifying Plaintiff of potentially fraudulent activity or failing to act to prevent future fraudulent activity, especially in light of BOA's numerous Suspicious Activity Reports.  Accordingly, the Court is able to reasonably infer under the circumstances of this case that BOA created in itself a duty of care to Plaintiff upon learning of her exploitation and breached that duty by failing to notify Plaintiff of its investigations and by failing to act to prevent future fraud despite its knowledge thereof.  For these reasons, BOA's motion to dismiss will be denied as to Count 1.

**B.     Counts 2 & 3: Statutory Negligence Claims**

Plaintiff also brings claims against BOA for statutory negligence under §§ 825.103 and 415.1034, Florida Statutes.[3]  (Doc. 2, ¶¶ 67–82).  BOA argues that Plaintiff's claims

---

3. Section 825.103, Florida Statutes, provides that it is unlawful for a person who holds a position of trust and confidence or a business relationship with an elderly person to:

> Knowingly, by deception or intimidation, obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person.

for statutory negligence should be dismissed because neither statute provides a private right of action. (Doc. 6, pp. 12–13). Plaintiff has not responded to this specific argument, nor has she disputed it in her response to BOA's motion to dismiss.

Nevertheless, § 415.1034 does not create a private right of action, express or implied. *Mora*, 710 So. 2d at 634. Similarly, § 825.103 is a criminal statute and does not provide a private right of action. *See Seniors Civil Liberties Ass'n, Inc. v. Morgan Stanley Smith Barney, LLC*, No. 8:11-cv-745-T-23TGW, 2011 WL 2669108, at *2 (M.D. Fla. July 7, 2011). Because Plaintiff has no private right of action for statutory negligence under either § 825.103 or § 415.1034, Counts 2 and 3 of Plaintiff's Amended Complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant's motion to dismiss is **GRANTED** as to Counts 2 and 3. Counts 2 and 3 of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**.

    b. Defendant's motion to dismiss is otherwise **DENIED**.

2. Defendant shall answer Count 1 of Plaintiff's Amended Complaint within

---

Fla. Stat. § 825.103(1)(a). Section 415.1034, Florida Statutes, provides that any person, including banks, "who knows, or has reasonable cause to suspect, that a vulnerable adult has been or is being abused, neglected, or exploited shall immediately report such knowledge or suspicion to the central abuse hotline." Fla. Stat. § 415.1034(1)(a).

**fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on March 3, 2015.

                                                PAUL G. BYRON
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record