## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:14-cv-01271-PGB-DAB

ROSE L. GINDER,

        Plaintiff,

vs.

BANK OF AMERICA CORP., a Corporation,

        Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S AMENDED COMPLAINT

Defendant, Bank of America, N.A., improperly named in the Amended Complaint as Bank of America Corporation ("Bank of America"), hereby files its Answer and Affirmative Defenses to Plaintiff, Rose L. Ginder's ("Plaintiff") Amended Complaint as follows:

### VENUE AND JURISDICTION

1. Bank of America admits that Plaintiff is seeking to recover damages in excess of $15,000 in this action but denies that Plaintiff is entitled to any relief.

2. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

3. Bank of America admits that it is a national banking association organized under the laws of the United States of America and that it is authorized to conduct business in Florida. Bank of America denies all remaining allegations in this paragraph of the Amended Complaint.

4. Bank of America denies the allegations in this paragraph of the Amended Complaint.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

5. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

6. Bank of America denies the allegations in this paragraph of the Amended Complaint.

7. Bank of America admits that portion of this paragraph as to the Plaintiff alleging she maintains bank accounts with Bank of America. Bank of America denies that it was entrusted to safeguard Plaintiff's life's savings. Bank of America lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies the remainder of these allegations.

8. Bank of America denies the allegations in this paragraph of the Amended Complaint.

9. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

10. With respect to paragraph 10 and its subparts, Bank of America responds as follows:

   a. Bank of America admits to the existence of a bank account ending in numbers 1990. Bank of America denies the remaining allegations in this paragraph of the Amended Complaint.

   b. Admitted.

   c. Bank of America admits to the existence of a bank account ending in numbers 8115. Bank of America denies the remaining allegations in this paragraph of the Amended Complaint.

      d. Admitted.

      e. Admitted

      f. Admitted.

11.    Bank of America denies the allegations of this paragraph of the Amended Complaint.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

## Account Number Ending in 8115

16.    Admitted.

17.    Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

18.    Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

19.    Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

20.    Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

21. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

## Account Number Ending in 7522

22. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

23. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

24. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

25. Bank of America admits that on June 26, 2013, three separate cash advances in the amounts of $2,100, $2,100 and $800 occurred from credit card account ending in numbers 0772 (totaling $5,100) to account ending in 7522. Bank of America is without sufficient knowledge to either admit or deny the remaining allegations of this paragraph.

26. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

27. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

28. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

29. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

30. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

31. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

32. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

33. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

34. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

35. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

36. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

37. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

38. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

39. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

40. Bank of America admits that on October 4, 2013, account ending in number 7522 closed with a balance of $195.32. Bank of America may not respond to the remainder of the allegations in paragraph 40 of Plaintiff's Amended Complaint. Under 31 U.S.C. § 5318(g), Bank of America and its agents are prohibited from admitting or denying the existence of any report generated as a result of suspicious activity or any actions taken as a result of any suspicious activity. Thus, for procedural purposes only, this allegation should be considered denied.

## Account Number Ending in 1668

41.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

42.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

43.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

44.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

45.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

46.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

47.     Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

48. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

49. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

50. Bank of America lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

51. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

## Account Number Ending in 1739

52. Admitted only that Plaintiff's Bank of America account statement or record for this account reflect the transaction amount and date as alleged in this paragraph. However, the rest of the allegations relating to the transaction are denied.

53. Bank of America admits that a counter credit of $15,404.46 was credited to account ending in number 1739. Bank of America lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies those allegations.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

**Relevant Occurrences**

54. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

55. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

56. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

57. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

58. Bank of America denies the allegations in this paragraph of the Amended Complaint.

59. Bank of America lacks knowledge sufficient to admit or deny the allegations in this paragraph of the Amended Complaint. Therefore, Bank of America denies these allegations.

60. Bank of America denies the allegations in this paragraph of the Amended Complaint.

61. Bank of America may not respond to the allegations in paragraph 61 of Plaintiff's Amended Complaint. Under 31 U.S.C. § 5318(g), Bank of America and its agents are prohibited from admitting or denying the existence of any report generated as a result of suspicious activity. Thus, for procedural purposes only, this allegation should be considered denied.

**COUNT ONE: Claims Against Defendant**

**BANK OF AMERICA sounding in Common Law Negligence**

62. Bank of America incorporates by reference its responses to paragraphs 1 through 61 of these Answers and makes them a part hereof.

63. Bank of America denies the allegations in this paragraph.

64. Bank of America may not respond to the allegations in paragraph 64 of Plaintiff's Amended Complaint. Under 31 U.S.C. § 5318(g), Bank of America and its agents are prohibited from admitting or denying the existence of any report generated as a result of suspicious activity. Thus, for procedural purposes only, this allegation should be considered denied.

65. Bank of America denies the allegations in this paragraph.

66. Bank of America denies the allegations in this paragraph.

## DAMAGES

83. Bank of America denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Bank of America denies the allegations in this paragraph.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Bank of America states the Amended Complaint fails to state a claim for negligence against Bank of America upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Bank of America states that, at all relevant times, it acted in good faith, exercised ordinary care, and acted in a commercially reasonable manner such that none of its actions or inactions taken are actionable.

### THIRD AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff, at her own risk, authorized and consented to the subject transactions and knowingly allowed third parties, including, but not limited to, Catherine Walker, William Bert Ratledge, Michael Knight, Daniel H. Losada, and/or Karen Ginder, to benefit therefrom. Bank of America reserves the right to amend this defense to identify additional third parties amongst whom fault may be apportioned, as discovery is ongoing.

### FOURTH AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff's damages, if any, are expressly limited by Fla. Stat. § 674.103(5) to the amount of the items reduced by an amount that could not have been realized by the exercise of ordinary care.

### FIFTH AFFIRMATIVE DEFENSE

Bank of America states that any alleged damages to Plaintiff were the result of the wrongful actions third parties (negligent, intentional and/or criminal acts), including, but not limited to, Catherine Walker, William Bert Ratledge, Michael Knight, Daniel H. Losada, and/or Karen Ginder, over whom Bank of America has no control, and for whom Bank of America has no responsibility. Plaintiff's damages were directly caused by the wrongful acts of the third parties. Bank of America reserves the right to amend this defense to identify additional third parties amongst whom fault may be apportioned, as discovery is ongoing.

### SIXTH AFFIRMATIVE DEFENSE

Bank of America states that any alleged damages to Plaintiff were the result of the wrongful actions of third parties (negligent, intentional and/or criminal acts), including, but not limited to, Catherine Walker, William Bert Ratledge, Michael Knight, Daniel H. Losada, and/or Karen Ginder, engaging in or facilitating fraudulent schemes against Plaintiff, over whom Bank of America has no control, and for whom Bank of America has no responsibility. If Bank of America is found to be liable with respect to any of Plaintiff's claims, then Plaintiff's alleged damages must be apportioned by Karen Ginder's own contributory negligence. Bank of America reserves the right to amend this defense to identify additional third parties amongst whom fault may be apportioned, as discovery is ongoing.

### SEVENTH AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff failed to take reasonable steps to adequately mitigate damages, if any, by not undertaking proper preventative or curative measures, including, but not limited to the failure to notify Bank of America of her alleged incapacity to manage her own finances, to adequately oversee or take control over her financial affairs, or to appoint a third party

to control her financial affairs before she allegedly lost the capacity to manage her own finances.

### EIGHTH AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff's recovery, if any, from Bank of America should be barred or diminished as a result of any setoff for amounts paid to Plaintiff by other persons or entities.

### NINETH AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff agreed to be bound by the terms of Bank of America's Deposit Agreement when she opened the accounts from which the subject checks were issued and subject transfers originated. The Deposit Agreement requires customers to promptly review all transactions and to promptly notify Bank of America of any unauthorized transactions. Plaintiff's claims are therefore barred as a matter of contract because Plaintiff failed to timely report the alleged unauthorized transactions to Bank of America.

### TENTH AFFIRMATIVE DEFENSE

Bank of America states that Plaintiff failed to timely report the alleged unauthorized transactions as required by Fla. Stat. § 674.406(6) in order to sustain this action against Bank of America.

### ELEVENTH AFFIRMATIVE DEFENSE

Bank of America states that Karen Ginder, Plaintiff's daughter and, upon information and belief, Plaintiff's primary care taker, affirmatively undertook the duty to protect Plaintiff from fraudulent activity on her Bank of America accounts such that she owed Plaintiff a duty of reasonable care to protect Plaintiff's accounts from fraudulent activity. Karen Ginder breached that duty of care to Plaintiff by failing to take any steps to protect Plaintiff's accounts from fraudulent activity, failing to notify Bank of America that Plaintiff was incapacitated, and allowing her husband, Daniel Losada to access all of Plaintiff's accounts and safety deposit box. Plaintiff's alleged damages are directly and proximately caused solely by Karen Ginder's negligence.

### TWELFTH AFFIRMATIVE DEFENSE

Bank of America states that Karen Ginder, Plaintiff's daughter and, upon information and

belief, Plaintiff's primary care taker, affirmatively undertook the duty to protect Plaintiff from fraudulent activity on her Bank of America accounts such that she owed Plaintiff a duty of reasonable care to protect Plaintiff's accounts from fraudulent activity. Karen Ginder breached that duty of care to Plaintiff by failing to take any steps to protect Plaintiff's accounts from fraudulent activity, failing to notify Bank of America that Plaintiff was incapacitated, and allowing her husband, Daniel Losada to access all of Plaintiff's accounts and safety deposit box. If Bank of America is found to be liable with respect to any of Plaintiff's claims, then Plaintiff's alleged damages must be apportioned by Karen Ginder's own contributory negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Bank of America states that Daniel H. Losada, Plaintiff's son-in-law, affirmatively undertook the duty to protect Plaintiff from fraudulent activity on her Bank of America accounts such that he owed Plaintiff a duty of reasonable care to protect Plaintiff's accounts from fraudulent activity. Daniel Losada also entered into a Deposit Agreement with Bank of America which also created a duty to review his account statements for Bank of America accounts he co-owned with Plaintiff. Daniel Losada breached his duties of reasonable care to Plaintiff by failing to take any steps to protect Plaintiff's accounts from fraudulent activity, failing to notify Bank of America that Plaintiff was incapacitated, and/or otherwise taking steps to further the fraudulent activity. Plaintiff's alleged damages are directly and proximately caused solely by Daniel H. Losado's negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Bank of America states that Daniel H. Losada, Plaintiff's son-in-law, affirmatively undertook the duty to protect Plaintiff from fraudulent activity on her Bank of America accounts such that he owed Plaintiff a duty of reasonable care to protect Plaintiff's accounts from fraudulent activity. Daniel Losada also entered into a Deposit Agreement with Bank of America which also created a duty to review his account statements for Bank of America accounts he co-owned with Plaintiff. Daniel Losada breached his duties of reasonable care to Plaintiff and/or to Bank of America by failing to take any steps to protect the subject accounts from fraudulent activity, failing

to notify Bank of America that Plaintiff was incapacitated, and/or otherwise taking steps to further the fraudulent activity. Plaintiff's alleged damages are directly and proximately caused solely by Daniel H. Losado's negligence and/or intentional wrongdoing. If Bank of America is found to be liable with respect to any of Plaintiff's claims, then Plaintiff's alleged damages must be apportioned by Daniel Losada's own contributory negligence.

Bank of America reserves any additional and further defenses as may be revealed by additional information during the course of discovery consistent with the Federal Rules of Civil Procedure.

Dated: March 23, 2015.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
44 West Flagler Street, 25th Floor
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

/s/Joyce B. Rodriguez
JOYCE B. RODRIGUEZ
Florida Bar No. 97343
jbrodriguez@lgplaw.com
MARC T. PARRINO
Florida Bar No. 0018197
mtp@lgplaw.com
*Attorneys for Defendant, Bank of America,N.A.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March 2015, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Joyce B. Rodriguez
JOYCE B. RODRIGUEZ